UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YVETTA WILSON-NETTERS, | ) | Case No.: 1:19 CV 2163 |
| *on behalf of* RSW, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security Administration ("Commissioner") denied an application for Supplemental Security Income ("SSI") from Claimant RSW ("Claimant" or "RSW"), a minor, in the above-captioned case. Plaintiff Yvetta Wilson-Netters ("Plaintiff"), on behalf of RSW, sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Kathleen B. Burke ("Magistrate Judge" or "Judge Burke") pursuant to Local Rule 72.2(b)(1) for preparation of a Report and Recommendation ("R & R").

RSW began receiving benefits in 2010, at the age of two, after being diagnosed with attention deficit hyperactivity disorder ("ADHD") and learning delays. (R & R at PageID #842, ECF No. 17.) But RSW stopped receiving SSI in 2015 after the Social Security Administration conducted a review and determined that RSW's condition had improved such that RSW no longer met the disability requirements. (*Id.* at PageID #843.) Following a hearing on June 13, 2018, an administrative law judge ("ALJ") concluded that RSW's disability ended as of October 8, 2015. (*Id.*)

Both parties filed briefs on the merits in the proceedings before Judge Burke. (ECF Nos. 12, 15, 16.) In her brief, Plaintiff asserts that the ALJ erred in three ways: (1) finding that RSW was no longer disabled, (2) finding that RSW did not have limitations in the domains of acquiring and using information or interacting and relating with others, and (3) failing to find new severe impairments of adjustment disorder and dysthymic disorder. (Pl.'s Br., ECF No. 12; *see also* Reply, ECF No. 16.)

Judge Burke submitted an R & R on July 1, 2020, recommending that the court affirm the Commissioner's final decision. First, the R & R finds that the ALJ did not err in finding a lack of disability. (R & R at PageID #864–66, ECF No. 17.) Although Plaintiff contends that the ALJ did not properly consider and weigh evidence, such as RSW's school records, that demonstrated RSW's continued difficulties at school, the R & R notes that the ALJ explicitly considered this evidence in his decision. (*Id.* at PageID #865–70.) In light of the ALJ's thorough analysis and the record evidence reflecting improvements in RSW's condition, the R & R concludes that Plaintiff failed to show a lack of substantial evidence for the ALJ's decision. (*Id.*) Second, the R & R finds that the ALJ did not err in finding marked improvements in RSW's ability to acquire and use information and interact and relate with others. (*Id.* at PageID #870–72.) Plaintiff again asserts the ALJ failed to consider important evidence and also failed to conduct the appropriate analysis. (Pl.'s Br. at PageID #811–812, ECF No. 12.) But the R & R finds these arguments unpersuasive because Plaintiff does not "identify the evidence that was ignored" and her other arguments are "vague and underdeveloped." (R & R at PageID #870, 872, ECF No. 17.) Finally, the R & R concludes that the ALJ did not err by failing to find that RSW suffered from new severe impairments. (*Id.* at PageID #872–74.) To support her argument, Plaintiff emphasizes that a nurse practitioner diagnosed RSW with "ADHD, dysthymia, and adjustment disorder with mixed anxiety and depressed mood"

in 2014. (Pl.'s Br. at PageID #812, ECF No. 12.) But when Claimant filed his application for SSI, the relevant regulations provided that nurse practitioners were not an acceptable source of evidence to establish medical impairments. (R & R at PageID #872–73, ECF No. 17.) The regulations have since been revised to allow evidence from nurse practitioners, but Plaintiff concedes this modification applies only to claims filed on or after March 27, 2017. (*Id.* at PageID #873.) Accordingly, the R & R finds that the ALJ did not err in declining to consider this diagnosis. (*Id.*)

Objections to the R & R were due by July 15, 2020, but Plaintiff did not submit any. Accordingly, this matter is ripe for review.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Burke's Report and Recommendation (ECF No. 17). The court hereby affirms the Commissioner's decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 21, 2020